FILED
SUPERIOR COURT
OF GUAM

2021 SEP -9 PM 5: 36

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| A.B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> DFS GUAM L.P., <br><br> Defendant. | CIVIL CASE NO. CV0371-16 <br> (Consolidated with CV0595-16 and SP0128-16) <br><br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on June 25, 2021 for a motion hearing on the Rule 60(a) Motion to Correct Clerical Error ("60(a) Motion") and Rule 60(b) Motion ("Motion to Set Aside"). Present at the hearing were Attorneys Christian Calvo and Genevieve Rapadas on behalf of Plaintiff A.B. Won Pat International Airport Authority ("GIAA"), and Attorneys Maurice Suh, Jay Srinivasan, Daniel Weiss and Patrick Civille on behalf of Defendant DFS Guam L.P. ("DFS").

Having considered the arguments, pleadings and applicable law, the Court hereby **DENIES** GIAA's Rule 60(b) Motion to Set Aside. The Court further **GRANTS** DFS's 60(a) Motion and will issue an amended Judgment correcting the clerical error.

## BACKGROUND

This case arises out of a contractual dispute that arose between GIAA and DFS (the "Parties") in 2013. The parties entered into the Main Concession Agreement ("MCA") to govern the sale of specialty retail and duty free items in the main passenger air terminal at the airport on or about November 6, 2002. Under Section 12.3 of the MCA, DFS was required to provide a performance bond in the amount of $3,375,000, which it satisfied this by posting a stand-by Letter of Credit ("LOC") with Citibank. GIAA was permitted to draw down on the MCA performance bond if DFS breached the MCA. The MCA required the parties to arbitrate claims arising out of that agreement.

On or about March 17, 2006, the Parties entered into the Mama Bear Agreement ("MBA"). The MBA governed DFS's lease and operation of a separate retail space at the airport. Under Section 13.3 of this agreement, DFS was required to provide a separate $250,000 performance bond. DFS did so by increasing its existing LOC by $250,000. GIAA was entitled to draw on the $250,000 performance bond upon an occurrence of a default under the MBA. Disputes under the MBA were to be litigated in the Superior Court of Guam.

The original MBA lease expired on March 17, 2011; however, DFS occupied the premises until July 20, 2013. Pursuant to Section 11.17 of the MBA, GIAA claimed liquidated damages in the amount of $2,104,582.88. On October 17, 2013 and November 21, 2013, GIAA sent a draw letter to Citibank attempting to draw $2,104,582.88 against the LOC. Citibank paid this request on December 5, 2013.

DFS disputed this draw down and filed a government claim to resolve the dispute through the Government Claims Act ("Claims Act"). The government claim was filed on December 4, 2014. GIAA denied DFS's government claim on January 26, 2015. DFS filed an action contesting GIAA's denial of its Claim on July 25, 2016.

On December 4, 2014, DFS also filed a demand for arbitration with the American Arbitration Association pursuant to the MCA's arbitration clause, alleging a breach of the MCA because GIAA drew down $1,854,582.88 from the MCA performance bond. On May 6, 2016, the arbitration panel issued a final arbitration award ("Arbitration Award") in favor of DFS, to include an award of $1,854,582.88, attorney's fees and pre-judgment interest.

GIAA filed a Complaint seeking to vacate the Arbitration Award and seeking declaratory relief on May 9, 2016. GIAA filed its Motion to Vacate the Arbitration Award ("Motion to Vacate") on July 11, 2016. DFS filed its Application to Confirm the Arbitration Award ("Petition to Confirm") on July 25, 2016.

On December 26, 2018, the Court issued a Decision and Order denying GIAA's Motion to Vacate and granting DFS's Petition to Confirm ("December 26 Decision"). In that decision, the Court found that the arbitrators adjudicated a dispute arising under the MCA and not the MBA, and that GIAA waived its sovereign immunity. The Court further rejected GIAA's argument that the arbitrators exceeded their authority.

GIAA appealed the December 26 Decision on January 18, 2019. On February 7, 2019, the Supreme Court issued an order indicating that judgment was necessary to proceed with the appeal. The Court issued a Judgment confirming the Arbitration Award on April 3, 2019.

On April 11, 2019, DFS filed a Rule 60(a) Motion to correct a clerical error in the April 3, 2019 Judgment. DFS filed its reply in support of its Rule 60(a) motion on May 15, 2019. On July 13, 2019, the Supreme Court granted GIAA's unopposed motion to stay briefing in GIAA's appeal pending resolution of the Rule 60(a) Motion.

On February 4, 2020, GIAA filed its Motion to Set Aside asking this Court to reverse its December 26 Decision and vacate the Arbitration Award. DFS filed its opposition on March 3, 2020, and GIAA filed its reply on March 17, 2020.

A motion hearing was held on June 25, 2021. After reviewing the pleadings and oral arguments, the Court took the Motion to Set Aside and Rule 60(a) Motion under advisement.

## DISCUSSION

**I. GIAA'S ARGUMENT TO SET ASIDE THE JUDGMENT UNDER GRCP 60(b) BASED ON THE SUPREME COURT'S RECENT OPINIONS IN *EHLERT* AND *GUAM YTK II* ARE UNPERSUASIVE.**

GIAA brings its motion to set aside the judgment under Guam Rule of Civil Procedure (GRCP) 60(b). A court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or other misconduct . . . ;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged . . . or
> (6) any other reason justifying relief from the operation of the judgment.

*See* Guam R. Civ. Pro. 60(b). "Rule 60 is remedial in nature and is to be liberally construed." *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 18 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

"The Superior Court has jurisdiction to set aside judgments pursuant to Rule 60(b) of the Rules of Civil Procedure." *Hemlani v. Flaherty*, 2002 Guam 10 ¶ 4. "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter . . . or if it acted in a manner inconsistent with due process of law." *Mariano v. Surla*, 2010 Guam 2 ¶ 12 (quoting *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)). Where a judgment is void due to a lack of subject matter jurisdiction, relief is mandatory. *Mariano v. Surla*, 2010 Guam 2 ¶ 12.

The United States Supreme Court has held that "a judgment is void because of a jurisdictional defect [only in the] exceptional case in which the court that rendered judgment

lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010). The Ninth Circuit Court of Appeals has similarly found that "the scope of what constitutes a void judgment is narrowly circumscribed, and judgments are deemed void only where the assertion of jurisdiction is truly unsupported," *Hoffman v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019). Rule 60(b)(4) applies only in limited instances where there is no colorable claim that the court has jurisdiction. *Id.* This is because "[i]f any jurisdictional foible could be the basis for a voidness challenge, litigants would have unending opportunities to second-guess a court's legal determination . . . and the court's interest in finality would be undermined." *Id.*

### a. This Court has jurisdiction to affirm the Arbitration Award pursuant to the MCA, the Guam International Arbitration Chapter and Supreme Court precedent.

GIAA's main contention is that the court lacked subject matter jurisdiction to issue the December 26 Decision because the parties agreed to arbitration under the MCA only, and did not agree to arbitration under the MBA. Thus, GIAA argues that the dispute should have been reviewed through the Claims Act rather than arbitration, that two recent opinions by the Guam Supreme Court (*Ehlert v. University of Guam*, 2019 Guam 27 and *Guam YTK Corp. v. Port Auth. Of Guam* ("*Guam YTK II*"), 2019 Guam 12) "show this Court did not have subject matter jurisdiction to enter the December 26 [Decision] or to confirm the underlying arbitration award" and that this Court "did not have subject matter jurisdiction to do anything other than vacate the Arbitration Award under 7 GCA § 42A701." Mot. at 1.

However, in the December 26 Decision, this Court carefully analyzed and made clear that it had jurisdiction to either affirm or vacate the Arbitration Award as these are two sides of the same coin. December 26 Decision at 4. The Guam International Arbitration Chapter ("GIAC") and Guam Supreme Court have clearly indicated that courts have jurisdiction to

*enforce or vacate* arbitration awards. Article 7 of the GIAC provides the Court with authority to vacate or confirm an arbitration award. 7 GCA § 42A701, § 42A702. Under 7 GCA § 42A702(b), any party to the arbitration may apply to a specified court for an order confirming the award within one year after the award is made. "[T]hereupon the court must grant such an order unless the award is vacated, modified or corrected. . ." *Id.*

The Supreme Court has also held that the Government Claims Act is not a jurisdictional bar to arbitration or the enforcement of an arbitral award. *Guam YTK Corp. v. Port Authority of Guam*, 2014 Guam 7 ¶ 61 ("*Guam YTK I*"). "[S]overeign immunity bars neither the enforcement nor the vacatur of an arbitration award in Guam courts." *Guam YTK II*, 2019 Guam 12 ¶ 20. This is because, "alternative dispute resolution engaged in by the government or one of its agencies does not constitute a 'suit' against the government," and sovereign immunity is not implicated by the government's compliance with contractual obligations. *Id.* ¶¶ 21-22. The Government waives sovereign immunity when it agrees to arbitrate disputes arising under a contract. *Guam YTK I*, 2014 Guam 7 ¶ 40. Where the government agrees to submit to arbitration, it "may not use sovereign immunity as a shield to renege on that agreement." *Guam YTK I*, 2014 Guam 7 ¶ 41. "[A] party that obtains a favorable arbitration award against the government may go straight to the Superior court to seek enforcement, rather than filing its claims pursuant to the Government Claims Act." *Guam YTK II*, 2019 Guam 12 ¶ 23. "[S]overeign immunity limits neither the right of the government to engage in alternative dispute resolution nor the right of a party to seek enforcement of the result of that alternative dispute resolution process." *Id.*

Here, the parties expressly agreed in the MCA to arbitration and agreed that the Superior Court of Guam could enter a judgment enforcing an arbitration award. *See* Main Concession Agreement at § 13.10. In fact, once the Arbitration Award was issued in DFS' favor, GIAA was

the first party to invoke the Court's jurisdiction when it filed its Complaint and Motion to Vacate, both of which assert that this Court has jurisdiction pursuant to the GIAC. *See* Compl. ¶ 19; Mot. to Vacate at 7. The Court considered its jurisdictional authority in its December 26 Decision, including GIAA's argument that "the Court should vacate the [Arbitration Award]" because "the Tribunal acted without jurisdiction and in excess of their powers . . . by making legal determinations on claims brought under the MBA, and by awarding pre and post-award interest to DFS." December 26 Decision at 8-9. This Court found that the Tribunal did not adjudicate the merits of the MBA and that the arbitrators did not exceed their authority. *Id.* at 20. The Court further found it had jurisdiction to confirm the award under the MCA and Guam law. *Id.* at 4-7. While GIAA argues that the Court only has subject matter jurisdiction to vacate the Arbitration Award but lacks subject matter jurisdiction to confirm it based on the Supreme Court's recent decisions in *Ehlert* and *Guam YTK II*, the Court finds these arguments to be unpersuasive and without merit.

**b. *Ehlert* provides no new basis to suggest that this Court lacks subject matter jurisdiction to confirm the Arbitration Award or that it's December 26 Decision is void.**

The first Supreme Court opinion GIAA bases its Motion to Set Aside on is *Ehlert v. University of Guam*, 2019 Guam 27. GIAA cites *Ehlert* to support its contention that "where sovereign immunity is implicated, the Government Claims Act is the only means of obtaining funds held by the government" and "if the procedures of the Government Claims Act are not followed, the Superior Court has no subject matter jurisdiction over a contract claim against a governmental entity." Mot. at 1, 9 (citing *Ehlert*, 2019 Guam 27 ¶ 19). GIAA also claims that under *Ehlert*, a court may not grant relief arising out of contractual rights if such relief would violate Guam law. *Ehlert*, 2019 Guam 27 ¶ 17 (mandamus relief not available because it would

result in violation of 4 GCA § 4203.3). GIAA suggests that affirming the Arbitration Award evades the Claims Act. However, GIAA's reliance on *Ehlert* is misplaced.

In *Ehlert*, University of Guam employee Dr. Michael Elhert brought an action against the university after his employment was terminated. *Ehlert v. University of Guam*, 2019 Guam 27 ¶ 1. Dr. Elhert filed a Petition for Alternative Writ of Mandate in the Superior Court, which the court dismissed for lack of subject matter jurisdiction, failure to exhaust administrative remedies, and failure to comply with the Government Claims Act. *Id.* ¶¶ 1, 7. The Supreme Court of Guam affirmed, and held that if Ehlert sought back pay and attorney's fees as damages from a breach of contract, he would need to file a claim through the Claims Act. *Id.* ¶¶ 19, 25.

This is because without a waiver of sovereign immunity, courts lack subject matter jurisdiction over a claim. *Id.* ¶ 19 (citing *Wood v. Guam Power Auth.*, 2000 Guam 18, at *2-4). "The Guam Legislature has provided a limited waiver of sovereign immunity under the Government Claims Act." *Ehlert*, 2019 Guam 27 ¶ 19 (citing 5 GCA § 6105(a)). Thus, "the government of Guam is immune from suit on a contract, unless a party files a claim with the Attorney General and, if necessary, the agency's Claims Officer." *Ehlert*, 2019 Guam 27 ¶ 19 (citing 5 GCA §§ 6101-6201).

However, *Ehlert* does not involve enforcement of an arbitration award, and thus does not address a court's jurisdiction to enforce arbitration awards or the impact of arbitration agreements on sovereign immunity. As explained by the Supreme Court, enforcement of an arbitration award is not barred by sovereign immunity. *Guam YTK II*, 2019 Guam 12 ¶ 20. Furthermore, the Supreme Court has previously held that language such as that found in GIAA's enabling statute, which permits GIAA to sue or be sued, is sufficient to waive sovereign immunity (although such language may not necessarily mean sovereign immunity is summarily waived). *See DFS Guam LP. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶

23 n.3; *see also Wood v. Guam Power Auth.*, 2000 Guam 18, at *2 n.5. Additionally, the Claims Act is not the only means to obtain funds from the government. In fact, "a party that obtains a favorable arbitration award against the government may go straight to the Superior Court to seek enforcement, rather than filing its claims pursuant to the Government Claims Act." *Guam YTK II*, 2019 Guam 12 ¶ 23. Thus, the Claims Act clearly is not the only means of obtaining funds held by the government when an arbitration agreement is in place.

Additionally, DFS's choice to not to pursue its government claim under the MBA does not make its choice to arbitrate improper. GIAA expressly agreed to arbitration for disputes arising out of the MCA and waived sovereign immunity. Thus, the court was within its authority to affirm the Arbitration Award, as explained in the December 26 Decision. For these reasons, the Court finds that the *Elhert* decision does not in any way support a finding that this Court lacked subject matter jurisdiction to confirm the Arbitration Award or that its December 26 Decision is void.

### c. *Guam YTK II* provides no basis to set aside the judgment under Rule 60(b) because the Main Concession Agreement and its arbitration clause are not illegal.

The second Supreme Court opinion GIAA bases its Motion to Set Aside on is *Guam YTK II*. GIAA contends that reversing the December 26 Decision and vacating the Arbitration Award are warranted because it believes that *Guam YTK II* stands for the proposition that a private party may not "do an end-around substantive [Guam] law" through arbitration and that a Court may not confirm an award that violates Guam statutes. Mot. at 9-10. GIAA argues that the MBA required resolution through the Claims Act, that arbitration evaded the Claims Act, and thus the Court lacked jurisdiction to confirm the Arbitration Award. However, as explained in the December 26 Decision and below, the Court finds this argument to be without merit.

In *Guam YTK II*, the Court held that an arbitration panel exceeds its authority when it enforces an illegal contract. *Guam YTK II*, 2019 Guam 12 ¶ 26, 31. Thus, deference to an arbitrator's award is not justified where it would lead to enforcement of an illegal contract. *Id.* ¶ 37. The Supreme Court emphasized the narrowness of the rule it adopted:

> We find only that in deciding whether an arbitration award should be vacated, a court reviews *de novo* the narrow question of whether confirming the award would cause the enforcement of a substantively illegal contract. Nothing in our Opinion today alters or modifies the general deference courts should apply when deciding whether to confirm or set aside an arbitration award, and we adopt no grounds for vacatur beyond those set forth in 7 GCA § 42A701(b).

*Id.* ¶ 38. Title 7 Guam Code Annotated Section 42A701 provides for vacatur of an arbitration award. One basis for vacating an arbitration award is "where the arbitrators exceeded their powers." 7 GCA § 42A701(b)(4). "An arbitrator exceeds his authority in enforcing an illegal contract." *Guam YTK II*, 2019 Guam 12 ¶ 31 (quoting *Glendale Prof'l Policemen's Ass'n v. City of Glendale*, 264 N.W.2d 594, 599 (Wis. 1978). "An arbitrator exceeds his authority when he 'arbitrate[s] a dispute that is not arbitrable in the first place.'" *Gov't of Guam v. Pacificare Health Ins. Co. of Micronesia* ("*Pacificare*"), 2004 Guam 17 ¶ 23 (citation omitted). "When none of the grounds for vacating an arbitration award under 7 GCA § 42A701(b) are present, the arbitration panel's award 'must' be confirmed upon motion. *Guam YTK II*, 2019 Guam 12 ¶ 30.

Here, neither party alleges that the underlying contract was illegal. Instead, GIAA suggests that by ruling on who had the right to drawn down funds, the arbitrators exceeded their jurisdiction. Mot. at 11. However, as previously noted, arbitration was specifically authorized under the MCA. After finding that the MCA had been breached, the arbitral panel resolved the dispute in favor of DFS. Such an award was proper under Guam law because it was based on a violation of the MCA.

As arbitration was permitted under the MCA, the Court disagrees with GIAA's argument that arbitration "evaded" the Claims Act and finds GIAA's argument to be without merit. For these reasons, the Court finds that the GIAA's arguments are not supported by *Ehlert or Guam YTK II* and therefore **DENIES** GIAA's Motion to Set Aside.

## II. THE COURT GRANTS THE RULE 60(a) MOTION BECAUSE THE JUDGMENT CONTAINED A CLERICAL ERROR.

DFS brings its Motion to Correct Clerical Error in the April 3, 2019 Judgment under Guam Rule of Civil Procedure 60(a). Under this rule, clerical mistakes in judgments may be corrected by the court at any time of its own initiative, by motion of either party, or as the court orders. *See* Guam R. Civ. Pro. 60(a). "During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." *Id.* Rule 60(a) may be used by a court to correct a judgment to reflect the actual intention of the court's decision. *Cristobal v. Siegel*, 2014 Guam 16, ¶ 21 (citation omitted).

DFS's Rule 60(a) Motion aims to correct wording in the April 3, 2019 Judgment that could arguably be read to reach the opposite conclusion of what the Court intended. In particular, Paragraph 1 of the Judgment states: "The Court finds no cause to accept GIAA's argument and *finds* that the Tribunal adjudicated the merits of the Mama Bear Agreement." DFS contends that Paragraph 1 should instead read: "The Court finds no cause to accept GIAA's argument *that this Court find* that the Tribunal adjudicated the merits of the Mama Bear Agreement." The Judgment at issue clearly rejected GIAA's argument that the Tribunal adjudicated the MBA, and so correcting this clerical error would more accurately reflect the intentions of the Court. For this reason, the Court **GRANTS** DFS's Rule 60(a) Motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES** GIAA's Rule 60(b) Motion to Set Aside. The Court further **GRANTS** DFS's Rule 60(a) Motion to Correct Clerical Error in the April 3, 2019 Judgment.

**IT IS SO ORDERED** SEP 0 9 2021 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*CALVO FISHER, BLAIR*
*F. CIVILLE, SVH, SR in IVASIAN*
Date: _____ Time: 9/9/21
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam